**CHEN HUI JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2169–AG NAC.**

United States Court of Appeals,
Second Circuit.

March 23, 2006.

Jiang Chen Hui, New York, NY, pro se.

Paul M. Warner, United States Attorney for the District of Utah, Stephen J. Sorenson, Assistant United States Attorney, Salt Lake City, UT, for Respondent.

Present: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

Petitioner Chen Hui Jiang, *pro se*, petitions for review of the BIA decision affirming the immigration judge's ("IJ") determination that his testimony was not credible and that he had not met the standard for asylum and withholding of removal based on his failure to provide corroborating documents. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*,

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

We need not here address Jiang's challenge to the IJ's adverse credibility determination because, even if we were to resolve that point in his favor, we would still have to deny his petition.

 Jiang cannot base his asylum claim on the attempt by Chinese officials to perform an abortion on his cousin's wife. *See Yuan v. United States Dep't of Justice*, 416 F.3d 192 (2d Cir.2005). Furthermore, his testimony established that his fight with the family planning officials and escape from the warehouse were motivated, not by his resistance to Chinese policy, but simply by his desire to protect a relative and to escape punishment by the state. These facts are insufficient to present a claim for asylum based on political opinion.

Because Jiang was unable to show the objective likelihood of persecution based on his resistance to Chinese birth control policies, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (*per curiam* ). Furthermore, because Jiang has not challenged in this Court, nor before the BIA, the IJ's denial of his claim for CAT relief, he has therefore waived any challenge to that part of the IJ's decision. *See Davis v. New York*, 316 F.3d 93, 102 n. 5 (2d Cir.2002) (noting that an issue is waived if not discussed in the appellate brief).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).